STANLEY G. HILTON, Cal. Bar # 065990
LAW OFFICES OF STANLEY G. HILTON.
2570 NORTH FIRST ST, SUITE 200
SAN JOSE, CA 95131
TELEPHONE: (408) 835 7521
FAX: (408) 273 4693

ATTORNEY FOR PLAINTIFFS

FILED

2007 APR 13 P 2:34

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

US DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

C07 02092

ENRIKE GARZA, RAFAEL GUERRERO, AND ALL SIMILARLY SITUATED DISTRIBUTORS OF MISSION FOODS, PLAINTIFF

VS

MISSION FOODS INC, DBA GRUMA CORPORATION, ET AL DEFENDANTS

NO.

COMPLAINT FOR INJUNCTION AND MONETARY DAMAGES

CLASS ACTION

JURY TRIAL DEMANDED

**FIRST CAUSE OF ACTION: FRAUD**

1. PLAINTIFFS ARE TRUCK DRIVERS AND DISTRIBUTORS OF TORTILLAS AND OTHER FOOD PRODUCTS MADE BY DEFENDANTS MISSION FOODS AND GRUMA CORPORATION, WHO SIGNED WRITTEN DISTRIBUTOR AGREEMENTS AT VARIOUS TIMES FROM 1999 TO THE PRESENT, WHEREBY DEFENDANTS AGREED TO SELL CERTAIN ROUTES TO THEM FOR DISTRIBUTION OF TORTILLA PRODUCTS OF MISSION FOODS, TO CERTAIN STORES IN SANTA CLARA COUNTY AND SAN MATEO COUNTY AND SAN FRANCISCO COUNTY ("THE COUNTIES"). PLAINTIFFS ARE ALL MEMBERS OF A CLASS SIMILARLY SITUATED WITHIN THE MEANING OF FRCP RULE 23, IN THAT THEY WERE ALL FRAUDULENTLY INDUCED BY DEFENDANTS TO ENTER INTO THE DISTRIBUTOR AGREEMENTS INDICATED BELOW. ATTACHED AS EXHIBIT A HERETO IS A LIST OF PLAINTIFFS AND THEIR DATES OF SIGNING

EACH DISTRIBUTOR AGREEMENT, AND THE ROUTES WHICH WERE TAKEN FROM THEM BY DEFENDANTS. IT IS INCORPORATED HEREIN BY REFERENCE.

2. JURISDICTION IS PROPER HERE AND VENUE IS PROPER AS ALL EVENTS OCCURRED IN THIS DISTRICT

3. THERE IS DIVERSITY JURISDICTION BECAUSE DEFENDANT GRUMA CORPORATION IS A CITIZEN OF TEXAS WHILE PLAINTIFFS ARE RESIDENTS OF CALIFORNIA.

4. PLAINTIFFS WERE FRAUDULENTLY INDUCED TO SIGN SAID DISTRIBUTOR AGREEMENTS ("DAS") WITH DEFENDANTS IN THAT DEFENDANTS HAD NO INTENTION OF PERFORMING, AND INTENDED ALL ALONG TO ARBITRARILY TAKE AWAY ROUTES FROM PLAINTIFFS AND NOT TO PROPERLY COMPENSATE PLAINTIFFS FOR LOSS OF THEIR RESPECTIVE ROUTES. PLAINTIFFS, HOWEVER, WERE NOT AWARE OF THIS FRAUD AND BELIEVED DEFENDANTS MISSION FOODS AND GRUMA CORPORATION WERE SINCERE WHEN THEY PAID CONSIDERATION TO PURCHASE THEIR ROUTES IN EACH AGREEMENT. DEFENDANTS ALSO FRAUDULENTLY INDUCED PLAINTIFFS EACH TO SIGN THE DISTRIBUTOR AGREEMENTS AND PAY FOR ROUTES, BY FALSELY TELLING THEM THAT THESE ROUTES WERE EXCLUSIVELY THEIR OWN AND PERMANENT, WHILE IN FACT DEFENDANTS SECRETLY NEGOTIATED THE SAME ROUTES WIT MULTIPLE PERSONS, AND AWARDED INCONSISTENT AND OVERLAPPING TERRITORIES AND STORES, AND DEFENDANTS HAD NO INTENTION OF HONORING THE PERMANENCY OF ANY ROUTES BUT RATHER INTENDED TO RESELL THE ROUTES TO NUMEROUS PERSONS.

5. A TRO, PRELIMINARY AND PERMANENT INJUNCTION IS NECESSARY BECAUSE MONETARY DAMAGES ARE NOT ADEQUATE.

6. PLAINTIFFS RELIED TO THEIR DETRIMENT ON DEFENDANTS'' PROMISES IN THAT THEY SIGNED THE DISTRIBUTOR AGREEMENTS AND PAID CONSIDERATION FOR THEIR ROUTES. YET THE FRAUDULENT STATEMENTS BY DEFENDANTS MISSION FOODS AND GRUMA CORPORATION INDUCED THEIR

1  DETRIMENTAL RELIANCE. THUS ANY ATTEMPT TO CLAIM THAT THIS CASE MUST
2  GO TO ARBITRATION IS NOT BINDING,   AS FRAUD INDUCED THE PLAINTIFFS;
3  SIGNATURES.

5  \

6       WHEREFORE RELIEF IS DEMANDED AS HEREINAFTER PRAYED.
7  **SECOND CAUSE OF ACTION: BREACH OF CONTRACT**
8       10. PARAGRAPHS 1 THROUGH 9 ARE INCORPORATED HERE BY REFERENCE.
9       11. EACH PLAINTIFF IN THIS CLASS ENTERED INTO A WRITTEN DISTRIBUTER
10 AGREEMENT ("DAS") WITH DEFENDANTS AT SOME TIME BETWEEN 1998 AD THE
11 PRESENT. ACCORDING TO THE TERMS OF THIS AGREEMENT, A COPY OF WHICH
12 IS ATTACHED AS EXHIBIT A, PLAINTIFFS WERE PROMISED CERTAIN ROUTES IN
13 EXCHANGE FOR THE MONEY THEY PAID TO DEFENDANTS.  PLAINTIFFS WERE
14 ALSO PROMISED, PER THIS CONTRACT, THAT IF A NY OF THEIR ROUTES WERE
15 TAKEN A ND THEY WERE NOT GIVEN ADEQUATELY REVENUE GENERATING
16 REPLACEMENT ROTES, THEY WOULD RECEIVE ADEQUATE COMPENSATION,.
17      12. PLAINTIFFS PERFORMED ALL DUTIES REQUIRED OF THEM UNDER THIS
18 AGREEMENT.
19      13. CONTINUOUSLY FROM ON OR ABOUT JUNE 1 2004 TO THE PRESENT,
20 DEFENDANTS HAVE MATERIALLY BREACHED THE SAID DISTRIBUTOR
21 AGREEMENTS (DAS) WITH PLAINTIFFS, BY ARBITRARILY TAKING THEIR ROUTES,
22 SHUFFLING AROUND THE ROUTES, RESELLING THE ROUTES TO OTHERS, AND
23 FAILING TO ADEQUATELY COMPENSATE THE PLAINTIFFS FOR THE LOSS OF THEIR
24 RESPECTIVE ROUTES.
25      14. AS A PROXIMATE RESULT, PLAINTIFFS HAVE LOST THEIR ROUTES, LOST
26 INCOME ACCORDING TO PROOF, AND HAVE SUFFERED EMOTIONAL DISTRESS
27 AND LOSS OF CAREER OPPORTUNITIES.
28

WHEREFORE RELIEF IS DEMANDED AS HEREINAFTER PRAYED.

1  WHEREFORE RELIEF IS DEMANDED AS HEREINAFTER PRAYED

2  **THIRD CAUSE OF ACTION: RICO VIOLATIONS 18 US CODE SECS.  1962 ET SEQ**

3  15. PARAGRAPHS 1 THROUGH 14 ARE INCORPORATED HERE BY REFERENCE

4  16. THE ABOVE DESCRIBED MISCONDUCT OF DEFENDANT CONSTITUTE. A VIOLATION OF THE RICO ACT, IN THAT, INTER ALIA, DEFENDANTS USED AND SOUGHT TO USE EXTORTION AND OTHER FORMS OF COERCION AGAINST PLAINTIFFS, TO COERCE AND INTIMIDATE THEM INTO UNDER THEIR EXTANT CONTRASTS, BY TAKING AWAY THEIR RIGHT TO COURT TRIAL, REDUCING THE NUMBER OF DAYS' NOTICE NEEDED BY DEFENDANT TO CANCEL PLAINTIFFS' CONTRACTS, GIVING PLAINTIFFS AND OTHER DISTRIBUTORS OVERLAPPING TERRITORIES AND THUS CHARGING THEM MULTIPLE TIMES FOR THE SAME OVERLAPPING TERRITORIES VIA NEW CONTRACTS WHICH WOULD RADICALLY REDUCE THEIR LEGAL RIGHTS. DEFENDANTS ALSO CONCOCTED FALSE ALLEGATIONS AGAINST PLAINTIFFS AS PART OF THIS SCHEME. THE INTIMIDATION WAS DONE STARTING IN OR ABOUT AUGUST 21, 2006 AND CONTINUOUSLY TO THE PRESENT. THE VIOLATIONS OF THE RICO ACT BY DEFENDANTS INCLUDE, INTER ALIA, VIOLATION OF 18 U.S.C. SEC 1962 AND 1962(C). DEFENDANTS ENGAGED IN CONSPIRACIES TO VIOLATE THE RICO ACT PER 18 U.S.C. 1964. THEIR ACTIVITIES AFFECTED INTERSTATE COMMERCE, THEIR ENTERPRISE AFFECTED INTERSTATE COMMERCE, HAD A PATTERN OF VIOLATING THE RICO ACT, :

17. AS A PROXIMATE RESULT OF THIS FRAUD, PLAINTIFFS HAVE SUFFERED DAMAGES TO THEIR PROPERTY AND BUSINESS INTERESTS, LOST THEIR ROUTES, LOST INCOME ACCORDING TO PROOF, AND HAVE SUFFERED EMOTIONAL DISTRESS AND LOSS OF CAREER OPPORTUNITIES. UNDER 18 U.S.C. 1962-1964, PLAINTIFFS ARE ENTITLED TO RECOVER DAMAGES FROM DEFENDANTS AND AN INJUNCTIONS.

18. THE ACTIONS OF DEFENDANTS MISSION FOODS AND GRUMA CORPORATION IN FRAUD WERE OPPRESSIVE AND MALICIOUS, SO PUNITIVE DAMAGES ARE JUSTIFIED.

1  19. AN INJUNCTION IS NECESSARY, A TRO, A PRELIMINARY INJUNCTION AND A PERMANENT INJUNCTION ARE NECESSARY, BECAUSE MONETARY DAMAGES WILL NOT ADEQUATELY COMPENSATE PLAINTIFFS. ALSO, DEFENDANTS MUST BE RESTRAINED FROM CONTINUING TO SHUFFLE AROUND ROUTES AND NOT ADEQUATELY COMPENSATION PLAINTIFFS FOR TAKING THEIR ROUTES.

WHEREFORE, RELIEF IS DEMANDED AS HEREINAFTER PRAYED

**PRAYER FOR RELIEF**

PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:

1. FOR ALL LOST INCOME AND DAMAGE TO BUSINESS AND PROPERTY INTERESTS ACCORDING TO PROOF

2. . FOR PUNITIVE\ DAMAGES

3. FOR GENERAL DAMAGES FOR PAIN AND SUFFERING

4 FOR TRO, PERMANENT INJUNCTIONS

5. FOR ATTORNEY FEES

6. FOR ALL OTHER APPROPRIATE RELIEF

DATE 4 12 07

_[signature]_

**STANLEY G HILTON**

**ATTY FOR PLAINTIFFS**