IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Enrike Garza, et al., | NO. C 07-02092 JW |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| Gruma Corp., | |
| Defendant. | |

## I. INTRODUCTION

Enrike Garza ("Garza") and Rafael Guerrero ("Guerrero") (collectively, "Plaintiffs") bring this putative class action against Gruma Corp., d.b.a., Mission Foods Corp. ("Defendant") alleging fraud and breach of contract. Plaintiffs are truck drivers who contract for routes to distribute Defendant's products. Plaintiffs allege that Defendant engaged in fraud and breached their contracts by making false promises regarding the exclusivity of Plaintiffs' routes, and by eliminating and reassigning routes without adequate compensation.

Presently before the Court are Plaintiffs' Motion to Certify a Class of Plaintiffs[1] and Defendant's Motion for Summary Judgment.[2] The Court conducted hearings on June 22 and 29,

---

[1] (Notice of Motion and Motion to Certify Class of Plaintiffs, Docket Item No. 75; Plaintiffs' Memorandum of Points and Authorities in Support of Notice of Motion and Motion to Certify Class of Plaintiffs, hereafter, "Class Motion," Docket Item No. 76.)

[2] (Gruma Corporation's Notice of Motion and Motion for Summary Judgment, and Memorandum of Points and Authorities in Support Thereof, hereafter, "MSJ," Docket Item No. 92.)

2009. Based on the papers submitted to date and oral argument, the Court DENIES Plaintiffs' Motion for Class Certification and GRANTS Defendant's Motion for Summary Judgment.

## II. BACKGROUND

### A. Factual Allegations

In a First Amended Complaint filed on March 28, 2008, Plaintiffs allege as follows:

Plaintiffs are truck drivers and distributors of tortillas and other food products made by Defendant. (First Amended Complaint ¶ 1, hereafter, "FAC," Docket Item No. 25.) Plaintiffs signed written Stored Door Distributor Agreements ("SDDA") at various times from 1999 to the present. (Id.) Under the SDDAs, Defendant agreed to sell certain routes to each Plaintiff for distribution of Defendant's products to certain stores in Santa Clara, San Mateo, and San Francisco counties. (Id.)

Plaintiffs were fraudulently induced by Defendant to enter into the SDDAs because Defendant had no intention of performing under the agreements and intended to arbitrarily rescind the SDDAs without compensation. (FAC ¶ 4.) Plaintiffs were defrauded because Defendant misrepresented that the routes described in the SDDAs were exclusive when in fact Defendant sold the same routes to multiple persons. (Id. ¶ 4.) Defendant also breached the terms of the Agreements by altering the geographical territories described therein without properly compensating each Plaintiff. (Id. ¶ 13.)

On the basis of the allegations outlined above, Plaintiffs allege two causes of action: (1) Fraud; and (2) Breach of Contract.

### B. Undisputed Facts

Plaintiffs each entered into an SDDA, under which they purchased Defendant's Mission Foods brand of products and resold them to retail food stores within an assigned territory.[3] Plaintiff

---

[3] (Declaration of Julia I. De Beers in Support of Defendant Gruma Corporation's Motion for Summary Judgment, Ex. B, hereafter, "Guerrero SDDA," Ex. D, hereafter, "Garza SDDA," Docket Item No. 92; Declaration of Rafael Guerrero in Opposition to Defendant's Motion for Summary Judgment ¶ 2, hereafter, "Guerrero Decl.," Docket Item No. 98; Declaration of Enrique Garza in Opposition to Defendant's Motion for Summary Judgment ¶ 2, hereafter, "Garza Decl.," Docket Item No. 97.)

2

Guerrero's SDDA is governed by California law, and Plaintiff Garza's is governed by Texas law. (Guerrero SDDA § 15.i; Garza SDDA § 15.i.) Pursuant to his SDDA, Guerrero was assigned routes according to the following territory:

> In the State of California, in the county of Santa Clara, within the city of San Jose; the South boundary starting at Havana Drive/Ocala Avenue north up to Tully Road, the western boundary is from the 101 Highway east bound up to So. Capitol Avenue, from Tully road up north to McKee Road and again west boundary being from Highway 101 east bound to Highway 680.

(Guerrero SDDA § 1.t, Ex. A-1.) Garza was assigned routes for specific retail food stores according to the following geographic territory:

> In the State of: California
> In the Counties of: San Mateo
> In the Cities of: San Mateo, Burlingame, Millbrae, and South San Francisco

(Garza SDDA § 1t, Ex. A-1.)

**C.  Procedural History**

On April 13, 2007, Plaintiffs filed their original complaint. (See Docket Item No. 1.) On March 7, 2008, the Court granted Defendant's Motion to Dismiss the First and Third Causes of Action with leave to amend. (See Docket Item No. 23.) On March 28, 2008, Plaintiffs filed their First Amended Complaint, alleging fraud, breach of contract and violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq*.

On July 24, 2008, the Court dismissed Plaintiffs' RICO cause of action and stayed all discovery in this action in light of a mandatory arbitration taking place in a parallel putative class action in the Central District of California. (See Docket Item No. 38.) On September 18, 2008, the Court issued a Scheduling Order, ending the stay and setting a deadline of April 6, 2009 for the close of discovery. (See Docket Item No. 41.) On May 7, 2009, the Court further extended the close of discovery to June 5, 2009 and set this case to begin trial on December 1, 2009. (See Docket Item No. 89.)

Presently before the Court are Plaintiffs' Motion to Certify a Class of Plaintiffs and Defendant's Motion for Summary Judgment.

### III. STANDARDS

**A.  Class Certification**

The decision to certify a class is committed to the discretion of the district court within the guidelines of Federal Rule of Civil Procedure 23. See Fed. R. Civ. P. 23; Doninger v. Pacific Northwest Bell, Inc., 564 F.3d 1304, 1309 (9th Cir. 1977). The party seeking class certification bears the burden of establishing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met. Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1176 (9th Cir. 2007) (citing Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended, 273 F.3d 1266 (9th Cir. 2001)). A district court may certify a class only if, after "rigorous analysis," it determines that the party seeking certification has met its burden. General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 158-61 (1982).

In reviewing a motion for class certification, the court generally is bound to take the substantive allegations of the complaint as true. In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig., 691 F.2d 1335, 1342 (9th Cir. 1982) (citing Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975)). However, the court may look beyond the pleadings to determine whether the requirements of Rule 23 have been met. Hanon v. Dataproducts Corp., 976 F.2d 497, 509 (9th Cir. 1992) (citation omitted). In fact, "courts are not only at liberty to but must consider evidence which goes to the requirements of Rule 23 [at the class certification stage] even [if] the evidence may also relate to the underlying merits of the case." Dukes, 509 F.3d at 1178 n.2 (internal quotations and citation omitted).

**B.  Summary Judgment**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

4

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion . . . ." Id. at 323. "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The non-moving party "may not reply merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

When evaluating a motion for summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, e.g., Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1992). The court determines whether the non-moving party's "specific facts," coupled with disputed background or contextual facts, are such that a reasonable jury might return a verdict for the non-moving party. T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987). In such a case, summary judgment is inappropriate. Anderson, 477 U.S. at 248. However, where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

### **IV. DISCUSSION**

**A.  Plaintiffs' Motion for Class Certification**

Plaintiffs seek to certify a class consisting of 17 named individuals, including Plaintiffs, who have routes in Santa Clara County, San Mateo County and San Francisco County, and whose routes have been threatened and partially taken away by Defendant ("Proposed Class").[4]

---

[4] The 17 members of the Proposed Class are Sonia Ortega, Victor Manuel Tavaras, Fredrico Ruiz, Bertha Valencia, Aresmandi Ichavarra, Enrique Garza, Jorge Salgado, Jose Chacon, Guilibaldo Guerrero, Martin Garcia, Maria Garcia, Sergio Cruz, Rafael Guerrero, Raul Avalos, Boonehai Tandsombtvist, Victor Perez and Paulicarpo Diaz. (Class Motion at 1-2.)

5

Rule 23(a)[5] provides four requirements that must be satisfied for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation, respectively. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) (citing Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997)). The burden of demonstrating that the requirements of Rule 23(a) are satisfied is on the party seeking to have the class certified. Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1308-09 (9th Cir. 1977).

The plaintiffs must also establish that one or more of the grounds for maintaining the suit as a class action are met under Rule 23(b): (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b). In class actions certified under Rule 23(b)(1) or (b)(2), class members do not have mandatory rights to exclude themselves from the judgment by opting out of the class. See Molski v. Gleich, 318 F.3d 937, 947 (9th Cir. 2003). Such mandatory opt out rights automatically attach to Rule 23(b)(3) classes only. Id.; Fed. R. Civ. P. 23(c)(2)(B).

The Court first considers whether Plaintiffs have established the requirements under Rule 23(a). Defendant opposes class certification on the grounds that Plaintiffs cannot establish numerosity and adequate representation. (Gruma Corporation's Opposition to Plaintiffs' Motion for

---

[5] Plaintiffs move to certify a class pursuant to Rule 26. (Class Motion at 1.) However, Rule 26 does not contain any provisions concerning class certification. Thus, the Court assumes Plaintiffs intend to seek class certification under the provisions on Rule 23.

1 Class Certification at 9-11, hereafter, "Class Opposition," Docket Item No. 91.) The Court

2 considers each factor in turn.[6]

### 1. Numerosity

4 Defendant contends that Plaintiffs' Proposed Class of 17 identifiable individuals, including

5 the named Plaintiffs, does not meet the numerosity requirement.[7] (Class Opposition at 9.)

6 "The prerequisite of numerosity is discharged if 'the class is so large that joinder of all

7 members is impracticable.'" Hanlon, 150 F.3d at 1019. A class of one thousand members "clearly

8 satisfies the numerosity requirement." Sullivan v. Chase Inv. Servs., Inc., 79 F.R.D. 246, 257 (N.D.

9 Cal. 1978).

10 In this case, Plaintiffs have identified the other 15 class members. Generally, courts disfavor

11 class certification when there are so few putative members. See e.g., Christiana Mortgage Corp. v.

12 Del. Mortgage Bankers Ass'n, 136 F.R.D. 372, 377-78 (D. Del. 1991) (finding 28 putative members

13 insufficiently numerous); Block v. First Blood Assoc., 691 F. Supp. 685, 694-95 (S.D.N.Y. 1988)

14 (finding 57 putative members insufficiently numerous). Here, Plaintiffs have identified each

15 member of the Proposed Class and have represented that each resides within this judicial district. As

16 the Ninth Circuit explained in Spectrum Fin. Co. v. Marconsult, Inc., the specific identification of

17 each putative member of a proposed class is an indication that joinder is not impracticable. 608 F.2d

18 377, 382 (9th Cir. 1979). Absent evidence showing why joinder may otherwise be impracticable,

19 the Court finds Plaintiffs have failed to make an adequate showing of impracticability, and therefore

20 failed to establish numerosity under Rule 23(a).

---

[6] Federal Rule of Civil Procedure 23(c) "imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions." Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir. 2003). Thus, for completeness, the Court independently considers the Rule 23(a) requirements of commonality and typicality, which are not addressed by Defendant's Opposition.

[7] Defendant also contends that Plaintiffs' counsel purports to already represent the class members individually. (Declaration of Julia I. De Beers in Support of Defendant Gruma Corporation's Opposition to Motion for Class Certification ¶ 8, hereafter, "De Beers Decl.," Docket Item No. 91.) However, Plaintiffs' counsel has not clarified for the Court whether he represents the class members individually.

### 2. Commonality

Although Defendant does not challenge commonality, the Court addresses this requirement independently.

Rule 23(a)(2) requires that class certification be predicated on "questions of law or fact common to the class." This requirement "has been construed permissively. All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Hanlon, 150 F.3d at 1019.

Here, Plaintiffs fail to explain which questions of law or fact are common to the Proposed Class. It appears, from Plaintiffs' First Amended Complaint, that each member of the Proposed Class alleges that they were fraudulently induced into entering a contract. (FAC ¶ 4.) While these allegations present some level of commonality in that the general principles of contract and tort law will apply, Defendant presents the declaration of its Sales Manager for the Northern California region, who explains that each of the Agreements vary in their terms.[8] For example, Plaintiff Guerrero's SDDA is governed by California law, while Plaintiff Garza's is governed by Texas law. (Guerrero SDDA § 15.i; Garza SDDA § 15.i.) Further, the validity of the claims asserted in this case depend upon the particular circumstances of each distributors' negotiations and the particular language of their contract. In addition, other than their representation in their moving papers that each member of the Proposed Class is "similarly situated," Plaintiffs do not direct the Court to any legal or factual issues that will be common to the Proposed Class. Thus, the Court finds Plaintiffs have failed to satisfy their burden of establishing commonality.

### 3. Typicality

Similar to the commonality requirement, Defendant does not address typicality in their Opposition. However, the Court considers this requirement independently.

---

[8] (Declaration of Marco Casillas in Support of Opposition to Class Certification ¶ 5, Docket Item No. 91.)

8

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Like the commonality requirement, the typicality requirement is permissive: "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. The test is whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon, 976 F.2d at 508.

Here, Plaintiffs do not present typical claims of the Proposed Class. Plaintiffs' fraud and breach of contract claims appear to based on conduct that is unique to each of them. For example, Defendant provides excerpts of Plaintiffs' depositions, which reveal that their claims are not based on the same negotiations with Defendant. (De Beers Decl., Ex. C at 35, 48, 53; Ex. at 57, 115-16.) Moreover, Plaintiffs' allegations that the SDDAs were breached by unilaterally altering the geographic territories of the SDDAs are insufficient to show that the members of the Proposed Class were injured by the same course of conduct. Thus, Plaintiffs have not met their burden of establishing the typicality requirement of Rule 23(a).

In sum, the Court finds that Plaintiffs have failed to satisfy the numerosity, commonality and typicality requirements. In light of the Court's findings with respect to these necessary elements, the Court need not consider the adequacy of Plaintiffs and their counsel to represent the Proposed Class or the factors for certification under Rule 23(b).

Accordingly, the Court DENIES Plaintiffs' Motion for Class Certification.

### B. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on the ground that Plaintiffs cannot present sufficient evidence to establish a triable issue of fact concerning their fraud and breach of contract claims. (Motion at 1.) Plaintiffs contend there are genuine issues of material fact under each cause of action, and that Defendant's motion is untimely.[9] The Court considers each issue in turn.

---

[9] (Opposition to Defendants' Motion for Summary Judgment at 1-3, hereafter, "MSJ Opposition," Docket Item No. 95.)

9

### 1. Timing

As a threshold matter, Plaintiffs oppose summary judgment on the grounds that Defendant's motion was noticed for a date two weeks after the Court's deadlines and that disposition of Defendant's motion should be delayed to allow Plaintiffs an additional 90 days of discovery. (Opposition at 1-2.)

First, with respect to the deadline for hearing dispositive motions, Defendant properly noticed its motion for June 29, 2009 pursuant to the Court's February 4, 2009 Order. (See Docket Item No. 47.) Second, with respect to whether disposition of Defendant's motion should be delayed to allow for further discovery, the Court finds that extending the discovery deadline would result in undue delay. This is a 2007 case and the Court has previously extended the case schedule to provide both sides adequate time to prepare for dispositive motions. (See Docket Item Nos. 41, 89.)

Accordingly, the Court will consider Defendant's Motion as it is timely.

### 2. Fraud

Defendant moves for summary judgment as to Plaintiffs' fraud claim on the ground that Defendant's allegedly false statements are contradicted by the express terms of Plaintiffs' SDDAs. (MSJ at 5.) Plaintiffs contend that their fraud claims are based on misrepresentations in the written contracts themselves, which were relied upon by Plaintiffs to their detriment. (MSJ Opposition at 3.)

Under both California and Texas law, a plaintiff pursuing a fraud claim must prove (1) the defendant made a misrepresentation, (2) had knowledge of the falsity of its statement, (3) intended to defraud the plaintiff, (4) the plaintiff justifiably relied on the misrepresentation, and (5) the plaintiff's reliance resulted in injury. Gil v. Bank of America, 138 Cal. App. 4th 1371, 1381 (2006); Kelly v. Rio Grande Computerland Group, 128 S.W.3d 759, 770 (Tex. App. 2004). A claim that is based on a promise made in a contractual agreement is actionable as a breach of contract, not as a claim for fraud. See Stopp Loss Ins. Brokers, Inc. v. Brown & Toland Med. Group, 143 Cal. App. 4th 1036, 1041 (2006); Thigpen v. Locke, 363 S.W.2d 247, 251 (Tex. App. 1962).

10

Here, Plaintiffs represent that "the misrepresentations were made in the written SDDA contracts, not ion [sic] oral statements contrary to the written instruments." (Opposition at 3.) With respect to their reliance on false statement, Plaintiffs' declarations merely state that each of them "relied on the written SDDA contract [they] signed with [Defendant]." (Garza Decl. ¶2; Guerrero Decl. ¶ 3.) Thus, the Court finds that the evidence submitted by Plaintiffs establishes that their claims cannot, as a matter of law, be pursued as claims for fraud.

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment on Plaintiffs' First Cause of Action for Fraud.

### 3. Breach of Contract

Defendant moves for summary judgment as to Plaintiffs' breach of contract claims on the ground that Plaintiffs' routes were never limited or adjusted in violation of their SDDAs. (MSJ at 4.)

To establish a breach of contract, under California and Texas law, a plaintiff must prove that (1) the existence of a valid, enforceable contract, (2) the plaintiff performed or tendered performance of his contractual obligations, (3) the defendant breach its contractual obligations, and (4) the defendant's breach caused injury to the plaintiff. McKell v. Washington Mutual, Inc., 142 Cal. App. 4th 1457, 1489 (2006); West v. Brenntag Southwest Inc., 168 S.W.3d 327, 337 (Tex. App. 2005).

In this case, the parties' dispute centers on provisions in Plaintiffs' SDDAs governing Defendant's ability to adjust Plaintiffs' routes without cause. The relevant adjustment clause reads as follows:

> Compensated Territory Adjustments. [Defendant] shall have the absolute right, in its sole discretion, at any time and from time to time during the term of this Agreement, upon not less than 30 days[10] prior written notice to Distributor, to add to or delete from the Territory, the Excluded Customers, and/or the Additional Customers (i.e., to make a "Territory Adjustment"), except that should [Defendant] exercise such right, [Defendant] shall thereupon become obligated to pay to Distributor, in cash, within 30 days after the date fo the Territory Adjustment, an amount equal to the excess (if any) of (i) the Formula Value immediately prior to the Territory Adjustment over (ii) the Formula Value immediately after the Territory Adjustment.

---

[10] Plaintiff Garza's SDDA provides for only 14 days prior notice. (Garza SDDA § 2.c.)

11

(Guerrero SDDA § 2.c; Garza SDDA § 2.c.)  The "Formula Value" of Plaintiffs' distribution territories is defined according to the following:

> Formula Value.  The "Formula Value" as of any particular time shall mean an amount equal to 2 times the average weekly net sales of Products from [Defendant] to [Plaintiff] (and/or to any other distributor(s) previously servicing the Eligible Customers) for resale to customers which are then (i.e., at the time as of which the "Formula Value" is being determined) Eligible Customers over the last ten full weeks preceding the date in question (as reasonably determined by [Defendant] on the basis of [Defendant's] net invoice charges to [Plaintiff] and/or to any other distributor(s) previously servicing the Eligible Customers).

(Guerrero SDDA § 1.i; Garza SDDA § 1.i.)

As evidence that Defendant did not make a Territory Adjustment without the required compensation, Defendant provides Plaintiffs' deposition testimony.  Plaintiff Guerrero testified as follows:

> Q. So nobody's ever taken a route from you; is that correct?
>
> A. Yes.
>
> . . .
>
> Q. And I gather from your testimony you've never had a territory adjustment, whether it was compensated or–or compensated or uncompensated; is that correct?
>
> A. Yes.
>
> . . .
>
> Q. And it's true you've never done a route adjustment?
>
> A. Yes.
>
> Q. That's correct?
>
> A. Yes.

(De Beers Decl., Ex. A at 69, 86, 101.)

1     Plaintiff Garza testified as follows:

2     Q.    And other than the one store you mentioned, La Michoacana, did Gruma ever

3            take away one of your stores?

4     A.    No.

5     . . .

6     Q.    And–and your route was never adjusted; correct?

7     A.    No.

8     Q.    Is that correct?

9     A.    That's correct.

10 (De Beers Decl., Ex. C at 23, 63.)

11     Based on this evidence, only Plaintiff Garza had a single Territory adjustment. However, Defendant provides the weekly value of Plaintiff Garza's sales for the ten weeks prior to the La Michoacana store being removed and the ten weeks after.[11] Based on Plaintiff Garza's sales, the Formula Value under the SDDA prior to the adjustment was $20,159.21. (Casillas Reply Decl. ¶ 4, Ex. A.) Garza's Formula Value after the adjustment was $20,658.76. (Id. ¶ 4, Ex. A.) Therefore, under § 2.c of his SDDA, Plaintiff Garza was not entitled to any compensation from Defendant for the adjustment.

18     In response, Plaintiffs submit declarations, in which they state that Defendant had threatened to take routes away from them if they did not sign a new contract. (Guerrero Decl. ¶ 3; Garza Decl ¶ 3.) Plaintiffs, however, do not submit any evidence indicating whether they actually signed new SDDAs.[12] Nor do they present evidence showing that Defendant threatened to do anything that it was not entitled to do under the signed SDDAs presented to the Court. Defendant's are entitled to

---

[11] (Declaration of Marco Casillas in Support of Gruma's Reply in Support of Motion for Summary Judgment, Ex. A, hereafter, "Casillas Reply Decl.," Docket Item No. 103.)

[12] Plaintiff Guerrero states that he two versions of his SDDA was shown to him. (Guerrero ¶ 2.) However, only one version of the SDDA has been presented to the Court. In addition, Plaintiff does not delineate any legal significance of having "seen two versions" of his SDDA. For example, he does not contend that the versions are different or that he signed to SDDAs with varying terms. Thus, the Court finds Plaintiff Guerrero's statement insufficient to defeat summary judgment.

adjust Plaintiffs' Territories at will, as long as any required compensation is paid. (Guerrero SDDA § 2.c; Garza SDDA § 2.c.) In light of the evidence presented by the parties, the Court finds that there are no genuine issues of triable fact as to whether Defendant breached Plaintiffs SDDAs.

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment.

## V.  CONCLUSION

The Court DENIES Plaintiffs' Motion for Class Certification and GRANTS Defendant's Motion for Summary Judgment. Judgment shall be entered accordingly.

Dated: July 16, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bruce Mitchell Jacobs bjacobs@akingump.com
Gregory S. C. Huffman gregory.huffman@tklaw.com
Jeremy Fine Bollinger jbollinger@akingump.com
R. Dewitt Kirwan rkirwan@akingump.com
Stanley G. Hilton FROG727@AOL.COM

**Dated:  July 16, 2009**                                    **Richard W. Wieking, Clerk**

                                                             **By:   /s/ JW Chambers**
                                                                     **Elizabeth Garcia**
                                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California